UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ROBERT E. DERECKTOR, INC.                   :
                                            :
              Plaintiff,                    :
v.                                          :     **MEMORANDUM OPINION**
                                            :     **AND ORDER**
M/Y INDEPENDENCE, her engines, boilers,     :
tackle, apparel, etc., in rem, and MATTHEW J. :   15 CV 8257 (VB)
BRUDERMAN, in personam,                     :
                                            :
              Defendants.                   :
--------------------------------------------------------------x
DUCKY-MOMO, LLC,                            :
                                            :
              Plaintiff,                    :
v.                                          :
                                            :
ROBERT E. DERECKTOR, INC., E. PAUL          :     15 CV 9372 (VB)
DERECKTOR, THOMAS E. DERECKTOR,             :
MICAH TUCKER, ELIZABETH                     :
WEATHERBORN, in personam, and M/Y           :
INDEPENDENCE, in rem,                       :
                                            :
              Defendants.                   :
--------------------------------------------------------------x

Briccetti, J.:

Before the Court is the motion of Robert E. Derecktor, Inc. ("Derecktor") to disburse funds from the Court registry. (Doc. #101).[1]

For the reasons set forth below, Derecktor's motion is DENIED WITHOUT PREJUDICE.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

**BACKGROUND**

These related cases arise out of a dispute over repair services Derecktor performed on the

---

[1] Derecktor's motion is filed on the dockets for cases 15 CV 8257 and 15 CV 9372. Unless otherwise noted, references to (Doc. # ___) refer to the docket in case 15 CV 8257.

1

vessel M/Y Independence (the "Yacht"). The litigation has been lengthy and tortured, but the salient events are summarized below.

On October 22, 2015, the Court issued a warrant of maritime arrest of the Yacht. (Doc. #8).

On October 29, 2015, the Court appointed National Maritime Services, Inc., as substitute custodian of the Yacht. (Doc. #12). Pursuant to that Order, "normal and routine maintenance, repairs, and cleaning . . . and such other reasonable expenses, charged by the Substitute Custodian" were "deemed custodia legis fees of the U.S. Marshal under 28 U.S.C. § 1921." (Id. at 2).

On January 4, 2016, pursuant to the parties' stipulation, the Court entered a stay pending arbitration. (Doc. #38). Under the terms of the stay, the Court retained jurisdiction "to hear and decide any issues concerning the custody, care and preservation of the Yacht or any issues pertaining to substitute security or bonding." (Id. at 3).

On December 21, 2016, the arbitration panel issued a "partial final award" granting Derecktor recovery of $56,106.75. (Doc. #85-2 at 2). The second phase of the arbitration, addressing claims asserted by the Yacht's owner, Ducky-Momo, LLC ("Ducky-Momo"), against Derecktor, is scheduled to proceed on October 22, 2018. (See Doc. #109).

On June 23, 2017, the Court issued an Order releasing the Yacht from arrest, directing Ducky-Momo to deposit $331,000 in the Court registry as substitute security for Derecktor's in rem claims against the Yacht, and directing Derecktor to deposit $331,000 in the Court registry as countersecurity for Ducky-Momo's counterclaims. (Doc. #76).

On March 5, 2018, the Court issued an Order confirming the arbitration panel's partial final award, and denying entry of judgment in Derecktor's favor as premature. (Doc. #100).

According to Derecktor, between the date of the Yacht's arrest and the date of its release

Derecktor incurred "more than $244,978.00 in expenses ordered by the U.S. Marshal and/or billed by its Substitute Custodian," to maintain the Yacht in a safe and seaworthy environment. (Br. at 7).

Thus, Derecktor seeks an Order granting Derecktor "immediate distribution of $248,969.00" from the security posted by Ducky-Momo. (Br. at 7).

**DISCUSSION**

Ducky-Momo argues an order disbursing funds from the Court registry to pay <u>custodia legis</u> expenses is premature.

The Court agrees.

Ordinarily, "services or property advanced to preserve and maintain . . . arrested vessels, furnished upon authority of the court, are allowable as <u>custodia</u> <u>legis</u> expenses." <u>Morgan Guar. Tr. Co. of New York v. Hellenic Lines Ltd.</u>, 593 F. Supp. 1004, 1010 (S.D.N.Y. 1984). The costs of wharfage, discharging, and winterization may be appropriate expenses. <u>See</u>, <u>e.g.</u>, <u>Bassis v. Universal Line, S. A.</u>, 484 F.2d 1065, 1068 (2d Cir. 1973); <u>Morgan Guar. Tr. Co. of New York v. Hellenic Lines Ltd.</u>, 593 F. Supp. at 1010.

Here, however, the parties' respective damages are uncertain. The partial final award issued by the arbitration panel states:

> <u>The parties agree upon very little, including who are parties and who are potentially parties</u>. The sole exception to that is the request of the parties for the panel to issue a Partial Final Award dealing with the amount of money owed to [Derecktor] for work done and other services rendered to the Yacht. At the request of the parties, <u>none of the many other outstanding issues are to be decided at this point</u>.
>
> . . .
>
> We find that [Derecktor] has performed services with respect to [the Yacht] <u>and would be entitled to $56,106.75 if this were a final award</u>.

(Doc. #85-2 at 2, 3) (emphasis added).

3

The second phase of arbitration, in which the panel will address the merits of Ducky-Momo's counterclaims, has not yet occurred. It is possible Ducky-Momo's damages will exceed the expenses Derecktor alleges it incurred maintaining the Yacht. If Ducky-Momo is awarded any damages, it will be entitled to a set off against Derecktor's claimed expenses.

Accordingly, it would be premature to disburse funds to Derecktor at this time.

**CONCLUSION**

Derecktor's motion (Doc. #101) is DENIED WITHOUT PREJUDICE.

By November 21, 2018, the parties shall provide a joint status report regarding the arbitration proceedings.

The Clerk is instructed to terminate the pending motions. (Doc. #101 in 15 CV 8257; Doc. #51 in 15 CV 9372).

Dated: September 20, 2018
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge