```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ROBERT E. DERECKTOR, INC.                         :
                                                  :
                Plaintiff,                        :
v.                                                :   OPINION AND ORDER
                                                  :
M/Y INDEPENDENCE, her engines, boilers,           :   15 CV 8257 (VB)
tackle, apparel, etc., in rem, and MATTHEW J.     :
BRUDERMAN, in personam,                           :
                                                  :
                Defendants.                       :
--------------------------------------------------------------x
DUCKY-MOMO, LLC,                                  :
                                                  :
                Plaintiff,                        :
v.                                                :
                                                  :
ROBERT E. DERECKTOR, INC., E. PAUL                :   15 CV 9372 (VB)
DERECKTOR, THOMAS E. DERECKTOR,                   :
MICAH TUCKER, ELIZABETH                           :
WEATHERBORN, in personam, and M/Y                 :
INDEPENDENCE, in rem,                             :
                                                  :
                Defendants.                       :
--------------------------------------------------------------x
```

Briccetti, J.:

Ducky-Momo, LLC ("Ducky-Momo"), and Matthew J. Bruderman move, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., to, inter alia, confirm a "final" arbitration award (the "final award"), issued on February 28, 2020. (Doc. #124).[1] Robert E. Derecktor, Inc. ("Derecktor"), in turn, has moved to vacate and/or modify the final award. (Doc. #131).

For the reasons set forth below, Ducky-Momo and Bruderman's motion is GRANTED IN PART and DENIED IN PART.

---

[1] The parties' motions are filed on the dockets for cases 15 CV 8257 and 15 CV 9372. Unless otherwise noted, references to "Doc. #___" refer to the docket in case 15 CV 8257.

1

Derecktor's motion is DENIED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

**BACKGROUND**

These cases arise out of a dispute over repair services Derecktor performed on the vessel M/Y Independence (the "Yacht").

On March 24, 2014, the parties entered into a Yard Services Agreement ("YSA"), which outlined the parties' rights and responsibilities with respect to the repair of the Yacht. The YSA contains an arbitration clause, which states: "Any controversy or claim arising out of or relating to this Contract, or the breach thereof, which are not resolved . . . shall be settled by arbitration administered by the American Arbitration Association ["AAA"] under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof."  (Doc. #126-1 ("YSA") ¶ 11(b)).

After disputes arose concerning repairs to the Yacht, Derecktor filed a demand for arbitration on October 15, 2015, commenced the instant action (15cv8257) on October 20, 2015, and had the Yacht arrested at its shipyard in Mamaroneck, New York. Shortly thereafter, Ducky-Momo brought the related action (15cv9372) demanding repossession of the Yacht and alleging, inter alia, breach of contract, negligence, and fraud, against Derecktor and additional individual defendants.

On January 4, 2016, pursuant to the parties' stipulation, the Court entered a stay pending arbitration. (Doc. #38 ("January 4 Stipulation and Order")). The January 4 Stipulation and Order states, in pertinent part:

> Notwithstanding any stay pending the issuance of an arbitration award, the Court will retain jurisdiction to hear and decide any issues concerning the custody, care and preservation of the Yacht or any issues pertaining to substitute security or bonding concerning the vessel . . .

2

(Doc. #38 ¶ 7).

On December 21, 2016, the AAA arbitration panel (the "panel") concluded the first phase of arbitration. At that time, the panel issued a "partial final award" granting Derecktor recovery of $56,106.75. In the partial final award, the panel explained:

> The parties agree upon very little, including who are parties and who are potentially parties. The sole exception to that is the request of the parties for the panel to issue a Partial Final Award dealing with the amount of money owed to [Derecktor] for work done and other services rendered to the Yacht. At the request of the parties, none of the many other outstanding issues are to be decided at this point.
> . . .
> We find that [Derecktor] has performed services with respect to Independence and would be entitled to $56,106.75 if this were a final award.

(Doc. #85-2 at ECF 2, 3) (emphasis added).[2]

On June 23, 2017, the Court issued an Order releasing the Yacht from arrest, directing Ducky-Momo to deposit $331,000.00 in the Court registry as substitute security for Derecktor's in rem claims against the Yacht, and directing Derecktor to deposit $331,000.00 in the Court registry as countersecurity for Ducky-Momo's counterclaims. (Doc. #76). Ducky-Momo and Derecktor complied with the Court's June 23, 2017, Order on August 23 and September 5, 2017, respectively.

On March 6, 2018, the Court confirmed the partial final award but declined to enter judgment for $56,106.75 in Derecktor's favor based on the partial final award, concluding entry of judgment was premature because the arbitration panel had not issued a comprehensive final award. (Doc. #100).

The second phase of arbitration dealt with claims asserted by Ducky-Momo against

---

[2] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

Derecktor, including "wrongful arrest, conversion, breach of contract, negligence and gross negligence, breach of warranty of workmanlike performance, loss of use, loss in value/reputation of the Yacht, loss in value due to damages, fraud and fraudulent misrepresentation, resulting in direct compensatory and consequential damages, attorneys' fees and expenses in the total amount of $3,704,852.92, plus punitive damages, arbitrators' fees and expenses, and interest." (Doc. #126-3 ("Award") at ECF 2).

On February 28, 2020, the panel issued the final award, concluding Ducky-Momo is entitled to a total net recovery of $1,628,754.00 from Derecktor, including, inter alia, damages for Derecktor's breach of the YSA and a subsequent settlement agreement, compensation for damages to the Yacht, reimbursement for unfinished or defective work, attorneys' fees and expenses, arbitration fees and expenses, and interest.

On April 3, 2020, Ducky-Momo and Bruderman filed the instant motion to confirm the final award. (Doc. #124). The motion also requests that the Court (i) enter judgment against Derecktor, with interest, (ii) order the release of the cash security deposited by Ducky-Momo in the Court's registry, with interest, (iii) order payment of the judgment under the bond posted by Derecktor, with interest, and (iv) order Derecktor pay the attorneys' fees and expenses Ducky-Momo and Bruderman incurred in making the instant motion.

On April 24, 2020, Derecktor filed its motion to partially vacate and/or modify the final award. (Doc. #131). In its motion, Derecktor requests that the Court vacate the portions of the final award pertaining to the panel's finding that Derecktor's arrest of the Yacht was wrongful and, based thereon, awarding Ducky-Momo compensatory damages and attorneys' fees and expenses.

**DISCUSSION**

I.      Vacatur and Confirmation of the Final Award

Derecktor argues the final award should be vacated or modified because (i) the arbitration panel exceeded its authority by deciding issues over which it argues the Court retained jurisdiction, and (ii) the panel's award of attorney's fees is inexplicable and contrary to controlling case law.

The Court disagrees.

A.      Legal Standard

"Federal court review of an arbitral judgment is highly deferential." Pike v. Freeman, 266 F.3d 78, 86 (2d Cir. 2001).[3] Indeed, "[a] court's review of an arbitration award is . . . severely limited, so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 71–72 (2d Cir. 2012).

The FAA permits vacatur of an arbitration award under four narrow circumstances:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). "In addition, as judicial gloss on the[se] specific grounds for vacatur of arbitration awards, . . . the court may set aside an arbitration award if it was rendered in manifest

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

disregard of the law."  Schwartz v. Merrill Lynch & Co., Inc., 665 F.3d 444, 451 (2d Cir. 2011).

"[T]he burden of proof necessary to avoid confirmation of an arbitration award is very high, and a district court will enforce the award as long as there is a barely colorable justification for the outcome reached."  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 103–04 (2d Cir. 2013).

B.     Exceeded Authority Argument

Derecktor argues the panel exceeded its authority by finding that Derecktor's arrest of the Yacht breached the YSA and a subsequent settlement agreement, was wrongful, willful, intentional, grossly negligent, and was done in bad faith, with malice, and, based on that finding, by awarding Ducky-Momo $25,000.00 for alternative living quarters for crew and $6,101.40 for storage of the Yacht's equipment and furnishings.  According to Derecktor, the panel should not have considered issues or awarded damages related to the arrest of the Yacht because those matters were reserved by the Court in the January 4 Stipulation and Order.

The Court disagrees.

An "arbitrator's interpretation of the scope of his powers is entitled to the same level of deference as his determination on the merits."  New York State Fed'n of Physicians & Dentists v. Interfaith Med. Ctr., 2007 WL 2743708, at *3 (E.D.N.Y. Sept. 21, 2007) (citing Schoenduve Corp. v. Lucent Techs., Inc., 442 F.3d 727, 733 (9th Cir. 2006)).  Courts in this Circuit have "consistently accorded the narrowest of readings to section 10(a)(4) permitting vacatur where the arbitrator has exceeded her powers."  Jock v. Sterling Jewelers Inc., 646 F.3d 113, 122 (2d Cir. 2011).  The focus of a challenge to an "arbitration award under section 10(a)(4) is whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue."  Id.  "Accordingly, an

arbitrator may exceed her authority by, first, considering issues beyond those the parties have submitted for her consideration, or, second, reaching issues clearly prohibited by law or by the terms of the parties' agreement." Id.

To determine whether the arbitration panel exceeded its authority, the Court adheres to the well-established principle that the scope of an arbitrator's authority should be construed broadly and any doubt regarding that authority should be resolved in favor of coverage. Collins & Aikman Prod. Co. v. Bldg. Sys., Inc., 58 F.3d 16, 19 (2d Cir. 1995). Here, it was neither unreasonable nor overly broad for the panel to interpret the scope of its authority to include issues relating to Ducky-Momo's claim for wrongful arrest. Indeed, the YSA provided the arbitration panel with the broad power to decide "[a]ny controversy or claim arising out of or relating to this Contract." (YSA ¶ 11(b)). As the panel recognized, the scope of its authority was limited by the January 4 Stipulation and Order, which states that the Court "retain[s] jurisdiction to hear and decide any issues concerning the custody, care and preservation of the Yacht or any issues pertaining to substitute security or bonding concerning the vessel." (Doc. #38 ¶ 7).[4] However, nothing in the January 4 Stipulation and Order, or any other agreement between the parties, suggests the Court retained jurisdiction over Ducky-Momo's claim for wrongful arrest.

Derecktor also fails to provide any support for its argument that "[c]ustody of the yacht includes issues pertaining to the propriety of the vessel's arrest." (Doc. #132 at ECF 12). Indeed, common sense suggests otherwise. Custody includes "[t]he care and control of a thing

---

[4] The panel has been mindful of the scope of its authority since arbitration began. For example, in a decision dated November 22, 2016, the panel denied Ducky-Momo's request to post substitute security in exchange for release of the Yacht because—as the panel recognized—the Court retained jurisdiction over issues relating to custody. (Doc. #130-2 at ECF 1–2).

7

or person for inspection, preservation, or security." Custody, Black's Law Dictionary (11th ed. 2019). An admiralty claim for the wrongful arrest of a vessel, on the other hand, requires the Court to determine whether a party had a vessel arrested wrongfully "with bad faith, malice, or gross negligence." Transfield ER Cape Ltd. v. B&L Transoil (Holdings) Ltd., 2009 WL 1809520, at *1 (S.D.N.Y. June 24, 2009). The January 4 Stipulation and Order is plainly directed towards what would happen to the Yacht during the pendency of the action—not the propriety of the parties' actions that gave rise to litigation.

The Court is also unpersuaded by Derecktor's argument that issues relating to wrongful arrest should not have been adjudicated in the arbitration because Bruderman dismissed the claims for conversion, replevin, and under Rule D of the Supplemental Admiralty Rules in an email from Alan Weigel, counsel for Ducky-Momo and Bruderman, dated February 7, 2018. The email stated: "given that the Yacht has been released from arrest, the Panel need not give any consideration to the claims concerning replevin, conversion, and asserted under Supplemental Rule D." (Doc. #133-6 at ECF 2). But the damages awarded by the panel were not based on claims for replevin, conversion, or asserted under Rule D. Indeed, the panel explicitly declined to consider Ducky-Momo's conversion claim. (See Award at 24 ("In view of this finding [that Derecktor's arrest of the Yacht was wrongful], the Tribunal finds it unnecessary to address [Ducky-Momo's] allegation that [Derecktor] unlawfully converted the Yacht.")). Rather, as the final award makes clear, the panel awarded Ducky-Momo and Bruderman the damages in question based on "[Derecktor's] failure to complete the work contracted for and its grossly negligent and wrongful arrest of the Yacht." (Award at ECF 34; see also Award at ECF 35). Derecktor has provided nothing suggesting that Ducky-Momo or Bruderman dismissed the claim for wrongful arrest in Weigel's email or otherwise.

Absent any clear indication that the panel's interpretation of the YSA and the January 4 Stipulation and Order was unreasonable or overly broad, the Court defers to the panel's interpretation of the scope of its authority and concludes it did not exceed the same.

C. <u>Manifest Disregard of the Law Argument</u>

Derecktor also argues the panel's award of $1,358,659.00 in attorneys' fees is inexplicable and contrary to controlling case law.

The Court concludes Derecktor has failed to meet its burden of demonstrating that such award was in manifest disregard of the law.

In addition to the grounds for vacatur enumerated in Section 10 of the FAA, arbitral awards may be vacated if "the award manifests a disregard of the law." <u>STMicroelectronics, N.V. v. Credit Suisse Secs. (USA) LLC</u>, 648 F.3d 68, 78 (2d Cir. 2011). "To vacate an award on the basis of a manifest disregard of the law, the court must find something beyond and different from mere error in the law or failure on the part of the arbitrators to understand or apply the law." <u>Jock v. Sterling Jewelers Inc.</u>, 646 F.3d at 121 n.1. "A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on [this ground] only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." <u>Weiss v. Sallie Mae, Inc.</u>, 939 F.3d 105, 109 (2d Cir. 2019).

To determine whether vacatur of an award on this ground is appropriate, the Court applies a two-part test: "first, whether the governing law alleged to have been ignored by the arbitrators was well defined, explicit, and clearly applicable, and, second, whether the arbitrator[s] knew about the existence of a clearly governing legal principle but decided to ignore it or pay no attention to it." <u>Jock v. Sterling Jewelers Inc.</u>, 646 F.3d at 121 n.1 (quoting

9

Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200, 209 (2d Cir. 2002)). Indeed, a party must "clearly demonstrate[] that the panel intentionally defied the law." STMicroelectronics, N.V. v. Credit Suisse Secs. (USA) LLC, 648 F.3d at 78. The Court will uphold an award even when the arbitrator does not explain the reason for his decision if the Court can discern any valid ground for it. See id.

Derecktor has failed to carry its heavy burden of demonstrating the panel intentionally defied the law. Derecktor points to no law or precedent the panel ignored in awarding attorneys' fees. Nor does Derecktor explain how the panel intentionally defied the law. To the contrary, attorneys' fees were awarded based on paragraph 11(d) of the YSA, which states, "[t]he arbitration panel shall have authority to award reasonable attorneys' fees." This broad provision provided the panel with significant leeway to award attorneys' fees that it deemed reasonable.

Because Derecktor has not met its burden to prove the arbitration panel exceeded its authority or awarded attorneys' fees in manifest disregard of the law, the Court declines to vacate the liability award. See 9 U.S.C. § 9. The final award in Ducky-Momo's favor will be confirmed.

II.     Entry of Judgment in Ducky-Momo's Favor

Ducky-Momo argues it is entitled to entry of judgment against Derecktor, with interest.

The Court concludes that unresolved issues prevent it from entering judgment against Derecktor at this time.

According to Derecktor, entering judgment in Ducky-Momo's favor would be premature because it has a pending claim for expenses of justice before this Court in the sum of $248,969.00. On April 9, 2018, Derecktor moved to disburse funds from the Court registry to pay custodia legis expenses that it incurred to maintain the Yacht in a safe and seaworthy

environment between the date of the Yacht's arrest and the date of its release. (Doc. #101).[5] On September 20, 2018, the Court denied Derecktor's motion as premature. (Doc. #111). In particular, the Court concluded: "It is possible Ducky-Momo's damages will exceed the expenses Derecktor alleges it incurred maintaining the Yacht. If Ducky-Momo is awarded any damages, it will be entitled to a set off against Derecktor's claimed expenses." (Id. at ECF 4). Derecktor has not refiled its motion.

In their reply in support of the motion to confirm the final award, Ducky-Momo and Bruderman suggest that Derecktor's claim for expenses of justice is only applicable if the wrongful arrest findings are vacated. Derecktor does not respond to this characterization of its purported claim. In addition, neither party explains whether the arbitration panel considered and ruled on Derecktor's claim for custodia legis expenses.

The Court needs more information, as outlined below, to determine what expenses of justice, if any, Derecktor is entitled to set off from the judgment the Court intends to enter in favor of Ducky-Momo. Accordingly, it would be premature for the Court to enter judgment against Derecktor at this time.

III.   Payment Under Derecktor's Bond

Ducky-Momo and Bruderman request that the Court order Aspen American Insurance Company to make payment to Blank Rome LLP, as attorneys for Ducky-Momo, under Derecktor's bond in the amount of $331,000.00, together with interest calculated from the date

---

[5]   Ordinarily, "services or property advanced to preserve and maintain . . . arrested vessels, furnished upon authority of the court, are allowable as custodia legis expenses." Morgan Guar. Tr. Co. of New York v. Hellenic Lines Ltd., 593 F. Supp. 1004, 1010 (S.D.N.Y. 1984). The costs of wharfage, discharging, and winterization may be appropriate expenses. See, e.g., Bassis v. Universal Line, S. A., 484 F.2d 1065, 1068 (2d Cir. 1973); Morgan Guar. Tr. Co. of New York v. Hellenic Lines Ltd., 593 F. Supp. at 1010.

the bond was posted. The bond provides that if Ducky-Momo "recovers judgment in this action or if it is finally decided that [Derecktor] is liable for damages to the [Yacht]," the bond "shall stand as security for any and all costs and damages as may be awarded against [Derecktor] because of the claims asserted by [Owner]." (Doc. #126-2 at ECF 2).

The Court recognizes that even if it finds meritorious Derecktor's claim for expenses of justice in the amount of $248,969.00, the damages and attorney's fees to which Ducky-Momo is entitled exceed the total security and countersecurity posted by the parties. Nevertheless, because the Court is not prepared to enter judgment against Derecktor at this time, it finds payment under Derecktor's bond is premature.

IV.   Release of the Security Deposited by Ducky-Momo in the Court's Registry

Ducky-Momo requests the Court enter an order directing the Clerk to release the substitute security it deposited in the Court's registry on August 23, 2017, in exchange for the release of the Yacht.

The Court concludes such an order is appropriate.

Supplemental Admiralty Rule E(6) governs the release of security from the Court's registry. "Whenever security is taken the court may, on motion and hearing, for good cause shown, reduce the amount of security given . . . ." Fed. R. Civ. P. E(6). Supplemental Admiralty Rule E(5)(c) governs the procedure for releasing security from the Court. It provides, in relevant part, that "no property in the custody of the marshal or other officer of the court shall be released without an order of the court; but such order may be entered as of course by the clerk . . . upon the dismissal or discontinuance of the action. . . ." Fed. R. Civ. P. E(5)(c).

Ducky-Momo deposited $331,000.00 into the Court's registry account to stand as substitute security for Derecktor's in rem claims against the Yacht. (Doc. #76). Derecktor's in

rem claims against the Yacht, however, were fully adjudicated during the first phase of arbitration, resulting in the panel's "partial final award" issued on December 21, 2016, in Derecktor's favor. In the final award, the panel subtracted Derecktor's "partial final award" damages from Ducky-Momo's total damages to calculate the total amount it awarded Ducky-Momo. Based on that calculation, it concluded Ducky-Momo is entitled to recover a net sum of $1,628,754.00 from Derecktor. (Award at ECF 37).[6]

Nevertheless, Derecktor argues the funds should not be released because it has a pending claim for expenses of justice before this Court in the sum of $248,969.00.

The Court disagrees.

As the Court recognized in its September 20, 2018, Order, "[i]f Ducky-Momo is awarded any damages [during the second phase of arbitration], it will be entitled to a set off against Derecktor's claimed expenses." (Doc. #111). The damages awarded Ducky-Momo in the final award, confirmed by the Court in this order, significantly exceed Derecktor's $248,969.00 claim for expenses of justice. If the Court finds that Derecktor is entitled to recover anything under its claim for expenses of justice, that amount will be subtracted from the total net sum to which Ducky-Momo is entitled.

Accordingly, the Court will direct the Clerk to enter an order releasing the $331,000.00 Ducky-Momo deposited into the Court's registry account as substitute security for the release of the Yacht in August 2017.

---

[6] The final award states that during the first phase of arbitration, the panel held that if the "partial final award" were a final award, Derecktor would be entitled to a total of $56,106.75. (Award ¶¶ 7, 29). However, when calculating the net sum of damages Ducky-Momo is entitled to recover, the panel subtracted $56,771.00 plus interest from Ducky-Momo's total damages. (Id. ¶ 66). The Court concludes Derecktor is entitled to subtract the higher number ($56,771.00 plus $8,378.00 in interest) from Ducky-Momo's total damages.

13

V.   Sanctions

Ducky-Momo and Bruderman argue they are entitled to an award of sanctions against Derecktor and its counsel under 28 U.S.C. § 1927 for Derecktor's refusal to stipulate to the confirmation of the award or release of security.

The Court disagrees.

"A district court has inherent power to award attorneys' fees against the offending party and his attorney when it determines a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Agee v. Paramount Commc'ns, Inc., 114 F.3d 395, 398 (2d Cir. 1997). "Similarly, under 28 U.S.C. § 1927, the court may require any attorney to pay costs if he or she so multiplies the proceedings in any case unreasonably and vexatiously." Id. "To impose sanctions under either authority, the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." Id.; Johnson ex rel. United States v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011) ("A court may award § 1927 sanctions only when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.") (emphasis added).

Although the Court finds Derecktor has not met its burden to show the arbitration panel exceeded its authority or awarded attorneys' fees in manifest disregard of the law, the Court is not convinced Derecktor or its counsel acted in bad faith or for an improper purpose by refusing to stipulate to the confirmation of the award or release of security.

Accordingly, the Court will not award sanctions against Derecktor and its counsel.

**CONCLUSION**

Ducky-Momo and Bruderman's motion to confirm the final arbitration award issued February 28, 2020, and to release security is GRANTED IN PART and DENIED IN PART.

Derecktor's motion to partially vacate and/or modify the final award is DENIED.

The final award is CONFIRMED. See 9 U.S.C. § 9.

By February 2, 2021, the parties shall each submit a letter to the Court, not to exceed three pages in length, explaining whether Derecktor has any outstanding expense of justice claims in light of the Court's confirmation of the arbitration award.

The Clerk is instructed to release to Blank Rome LLP, as attorneys for Ducky-Momo, the $331,000.00 in funds Ducky-Momo deposited in the Court's registry account in this matter on August 23, 2017, plus any accrued interest.

The Clerk is instructed to terminate the pending motions. (Docs. ##124, 131 in 15 CV 8257; Docs. ##73, 80 in 15 CV 9372).

Dated: January 19, 2021
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge